The People of the State of New York, Respondent, v. Salvatore Pennise, Appellant.— Defendant appeals from a judgment of the County Court, Kings County, convicting him of the crime of manslaughter in the first degree. Judgment affirmed. No opinion. Carswell, Adel and Schmidt, JJ., concur; Nolan, P. J., and MacCrate, J., dissent and vote to reverse the judgment and to order a new trial, with the following memorandum: Appellant has been convicted of manslaughter in the first degree for the killing of one Lawrence Detweiler. Appellant, his codefendant, De Mino, the deceased, and others had been engaged in a fist fight outside a bar and grill in Brooklyn. De Mino left the fight, returned with a knife and stabbed Detweiler, causing his death. There was evidence that appellant was holding Detweiler's arms when De Mino stabbed him. De Mino was convicted of murder in the second degree. It is somewhat difficult to understand how the jury arrived at the conclusion that appellant was guilty of manslaughter, if De Mino was guilty of murder. However, that may be, appellant's conviction, if it is to be sustained, must rest on evidence that he aided or abetted his codefendant, De Mino,

in the stabbing of the deceased, with knowledge that De Mino was about to use the knife with which the fatal wounds were inflicted. Such being the case, it was error to charge the jury without further explanation that if they should find that the defendants were engaged in "a common purpose or design", they might also find that "anything done * * * by any of them intended to effectuate their common purpose or design is binding upon and attributable to all of the parties to the common enterprise." This charge was equivalent to the direction of a verdict against appellant. Concededly, appellant and his codefendant had been and were engaged in a common design when they conjoined to engage the deceased and his companions in a fist fight. The charge of the court, however, permitted the jury to attribute the act of stabbing the deceased to appellant, even though he may have had no knowledge that his codefendant intended to use the knife, and never consciously assisted him in its use. Further error was committed when the court refused to charge, as requested, that "Although one may have had some difficulty or altercation with the deceased, he is not responsible for a homicide committed at or about the same time by a third person acting independently and without a prior understanding if he did not share in the design of such third person, and in this connection it is immaterial that the altercation brought on the fatal encounter, or that the accused was the aggressor in the difficulty, or that the third party interfered to aid him." In our opinion, these errors may not be disregarded, and a new trial is required in the interests of justice.